J. S14033/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DAVID JOSEPH DONAGHY, | : | No. 3261 EDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered October 22, 2019,
in the Court of Common Pleas of Bucks County
Criminal Division at No. CP-09-CR-0008791-2008

BEFORE:  BOWES J., KING J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JUNE 23, 2020**

David Joseph Donaghy appeals ***pro se*** from the October 22, 2019 order entered in the Court of Common Pleas of Bucks County that dismissed, without a hearing, his second petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The record reflects that appellant plead guilty to robbery; burglary; simple assault; recklessly endangering another person; theft by unlawful taking – movable property; receiving stolen property; and six counts of conspiracy[1] in connection with a December 19, 2007 home invasion and robbery of an 80-year-old victim.  On March 5, 2009, appellant was sentenced

---

[1] 18 Pa.C.S.A. §§ 3701 (a)(1)(ii), 3701(a)(1)(iv) and (a)(1)(v); 3502 (a); 2701 (a)(1); 2705; 3921 (a); and 3925, respectively.

to an aggregate term of not less 9 nor more than 18 years' imprisonment. No post-sentence motions were filed and no direct appeal was taken.

Appellant filed his first **pro se** PCRA petition on January 21, 2010. Counsel was appointed. On September 17, 2010, the PCRA court denied appellant's petition, and he timely appealed claiming that plea counsel was ineffective for failing to file a direct appeal. This court agreed. **Commonwealth v. Donaghy**, 33 A.3d 12, 17 (Pa.Super. 2011), **appeal denied**, 40 A.3d 120 (Pa. 2012). On April 27, 2012, the PCRA court issued an order reinstating appellant's direct appeal rights **nunc pro tunc**.

Appellant, however, failed to file a direct appeal. Rather, on May 7, 2012, appellant filed a **pro se** PCRA petition. Counsel was appointed. The PCRA court denied relief on September 21, 2012. This court affirmed on September 4, 2013, and our supreme court denied discretionary review on July 9, 2014. **See Commonwealth v. Donaghy**, 87 A.3d 371 (Pa.Super. 2013), **appeal denied**, 95 A.3d 275 (Pa. 2014).

On May 7, 2019, appellant filed **pro se** the instant PCRA petition. The PCRA court issued a notice of intent to dismiss. Appellant filed a timely response. The PCRA court then dismissed the petition. Appellant filed a timely notice of appeal. The PCRA court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. The PCRA court then filed its Rule 1925(a) opinion.

Appellant raises the following issues for our review:

1[.]   Did the PCRA Court penalize, prejudice, time Barr [sic], me [appellant] from this PCRA for an erroneously [sic] error, In [sic] witch [sic] the Clerk of Courts did not enter the Criminal Trespassing charge on case number CR-0001517-1998 as Nolle-Prossed [sic] but instead, entered the charge as a guilty plea. Therefore, raising the petitioners [sic] point score buy [sic] a full point and causing the petitioner to get a much higher sentence?

2[.]   Did the PCRA Court, District Attorney, my Court appointed counsel, Mr. William Penglase, Esq. and the Clerk of Courts all fail to provide the additional discovery of the medical hospital report of the victim that would have confirmed the exact nature of the victims [sic] injuries and, bodily harm that the petitioner was accused of and pleading guilty to causing?

3[.]   On 12-26-2018, the petitioner David Joseph Donaghy wrote the Clerk of Courts on case number CR-0001517-1998 stating that the Criminal Trespassing charge of the felony three on this case was in fact nol-prossed [sic] on June 16, 1998 but, shows as a guilty plea on the most recent requested court summary sheet readout that the Clerk of Courts office sent me? On January 3, 2018 the Clerk of Courts acknowledged this correspondence and researched there [sic] records and corrected the docket sheet to show the above count of Criminal Trespassing was in "fact" nol-prossed [sic] on June 16, 1998 and there was an error on this entry ***see exhibit_____***. Therefore, should the PCRA Court start the time to file PCRA from January 3, 2019; the day the Clerk of Courts acknowledged and then corrected the error they originally caused in this case to get me the sentence I got?

4[.]   Did the PCRA Court, District Attorney, my court appointed counsel, Mr. William Penglase, Esq. and the Clerk of Courts all fail to provide me

with the Pennsylvania Commission Sentencing Guidelines for case number CR-0008791-2008? Therefore, I was unaware that this point was erroneously added or, even used against me at the sentencing decision or, even aware that there was a point system. The District Attorney never stated any reference to points in the sentencing phase. ***See exhibit*************.***

5[.] Did the PCRA Court error [sic] in finding no violation of s/s [sic] 9781; Appellant [sic] Review of Sentence (c)(1) that states: The sentencing court purported to sentence outside the Sentencing guidelines because the Court applied the guidelines erroneously by adding a full point to my sentencing guidelines by using case number CR-0001517-1998 or, the Criminal Trespassing charge, which is a felony three, those [sic] raising guidelines to an erroneously higher level?

6[.] Did the PCRA Court prejudice the petitioner by applying this erroneously [sic] sentence and applying this error?

7[.] Weather [sic] the PCRA Court erred in not finding the petitioners [sic] counsel at the time, Mr. William Penglase, Esq. ineffective for not seeing these mistakes, investigating or, not taking action a pond [sic] the petitioners [sic] statement at the sentencing to him that this Criminal Trespassing charge and the Drug Passion [sic] charge was dismissed at his sentencing hearing or, got A.R.D.?

8[.] Did the PCRA Court error [sic] in not finding the District Attorney violated Prosecution [sic] misconduct when prior record was stated and introduced to the Court and to Judge Boylan that the defendant had a 1986 Passion [sic] of Controlled substance charge and not investigating or, looking into his prior record and introducing Criminal Trespassing charge that was indeed dismissed as well?

9[.] Did the PCRA Court error [sic] in not finding petitioners [sic] counselor, Mr. William Penglase, Esq. ineffective for not allowing a pre-sentence investigation to be done before the sentencing hearing witch [sic] would have changed the outcome of the sentence?

10[.] Did the PCRA Court error [sic] because of the recently newly discovered PRS and the miscalculation on the PRS to the legality of the sentence for this is not subjected [sic] to waiver, should the Court have invoked jurisdiction to correct this patent and manifested mistake in the petitioner's sentence?

11[.] Did the PCRA court error [sic] in not finding the District Attorney, my counselor, Mr. William Penglase, Esq. and the Clerk of Courts violating [sic] any Rules, Statues [sic], or State or Federal Constitutional rules, etc.

12[.] Does this Court or, the PCRA think if the petitioner know about this newly discovered error/point system at the time of his sentencing or, at any point of his twelve years incarcerated [sic] he would not have brought it to the Courts [sic] attention?

13[.] The most important question to this Court is: If this correct prior record score of four was presented at the petitioners [sic] sentencing hearing phase would it have changed the outcome or, reduced the petitioner's sentence.

Appellant's brief at 12, 15[2] (set forth verbatim; no exhibit numbers in original).

_____

[2] Appellant's brief is paginated, in part, by small Roman numerals that are often repeated. Interspersed throughout the brief are unnumbered documents. For ease of reference, starting with the table of contents, we will refer to each page in the order of its position in the brief.

When reviewing the propriety of an order denying PCRA relief, this court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. **Commonwealth v. Lippert**, 85 A.3d 1095, 1100 (Pa.Super. 2014).

Furthermore, PCRA petitions, "including second and subsequent petition[s], shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The Supreme Court of Pennsylvania has held that the PCRA's time restriction is constitutionally sound. **Commonwealth v. Cruz**, 852 A.2d 287, 292 (Pa. 2004). In addition, our supreme court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over the petition. **Commonwealth v. Callahan**, 101 A.3d 118, 120-121 (Pa.Super. 2014) (courts do not have jurisdiction over an untimely PCRA); **see also Commonwealth v. Wharton**, 886 A.2d 1120 (Pa. 2005).

Our review of the record reflects that appellant's direct appeal rights were reinstated **nunc pro tunc** by the PCRA court on April 27, 2012.[3] Appellant failed to file a direct appeal within 30 days and, therefore, his judgment of sentence became final on May 29, 2012.[4] **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Therefore, appellant's current PCRA petition, filed May 7, 2019, is facially untimely. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time-bar, as set forth in 42 Pa.C.S.A. § 9545(b)(1).

Those three narrow exceptions to the one-year time-bar are: when the government has interfered with the appellant's ability to present the claim, when the appellant has newly discovered facts upon which his PCRA claim is predicated, or when either the Supreme Court of Pennsylvania or the Supreme Court of the United States has recognized a new constitutional right and made that right retroactive. 42 Pa.C.S.A. § 9545(b)(1)(i-iii); **Commonwealth v. Brandon**, 51 A.3d 231, 233-234 (Pa.Super. 2012). The appellant bears the burden of pleading and proving the applicability of any exception.

---

[3] The order informed appellant he had 30 days to file an appeal. **See also Commonwealth v. Wright**, 846 A.2d 730, 725 (Pa.Super. 2004).

[4] As May 27, 2012 fell on a Sunday, and May 28, 2012 was Memorial Day, appellant's judgment of sentence became final on May 29, 2012. **See** 1 Pa.C.S.A. § 1908 (providing whenever last day of period of time referred to in statute falls on Saturday, Sunday, or legal holiday such day is omitted from computation).

42 Pa.C.S.A. § 9545(b)(1). If an appellant fails to invoke a valid exception to the PCRA time-bar, this court may not review the petition. **See** 42 Pa.C.S.A. § 9545(b)(1)(i- iii).

Initially, we note that appellant has filed a **pro se** brief.

> [A]ppellate briefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defect in the brief is substantial. Although this Court is willing to construe liberally materials filed by a **pro se** litigant, a **pro se** appellant enjoys no special benefit. Accordingly, **pro se** litigants must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This [c]ourt will not act as counsel and will not develop arguments on behalf of an appellant.

**Commonwealth v. Tchirkow**, 160 A.3d 798, 804 (Pa.Super. 2017) (citations and quotation marks omitted); Pa.R.A.P. 2101 (stating appeal may be quashed for substantial defects in brief).

Appellant's brief not only fails to provide a cogent legal argument, but it also fails to comply with our rules of appellate procedure. First, appellant has failed to attach to his brief a copy of his concise statement of errors complained of on appeal and the required certificates of compliance. **See** Pa.R.A.P. 2111(a)(11) and (a)(12). Second, as can be seen from appellant's issues, set forth verbatim herein, the statement of the questions involved is not concise, is not expressed without unnecessary detail, and is not followed by an answer simply stating the court's position on the question. **See** Pa.R.A.P. 2116(a); appellant's brief at 12, 15. Third, appellant's statement of

the case is rambling, convoluted, contains argument, and does not have appropriate references to the record. ***See*** Pa.R.A.P. 2117(a)(b) and (c); appellant's brief at 16-31.[5] Fourth, the summary of argument is not concise, nor an "accurate, summary of the arguments presented in support of the issues in the statement of questions involved." Pa.R.A.P. 2118; ***see*** appellant's brief at 31. Finally, appellant's argument is not divided into as many parts as there are questions to be argued, does not have at the head of each part the particular point addressed therein, and is not followed by pertinent discussion or citation of relevant authorities. ***See*** Pa.R.A.P. 2119(a); appellant's brief at 32-41. These considerable defects in appellant's brief adversely affect this court's ability to perform appellate review.

Therefore, the PCRA court lacked jurisdiction to review appellant's second PCRA petition, and we may not review the petition on appeal.[6]

Order affirmed.

King, J. joins this Memorandum.

Bowes, J. concurs in the result.

---

[5] Throughout appellant's statement of the case, appellant has inserted various documents.

[6] We note that even if the appellant's brief was not defective, he has failed to invoke an exception to the time-bar. Therefore, he would still not be entitled to relief.

J. S14033/20

Judgment Entered.

JosephD.Seletyn,Esq.
Prothonotary


Date: <u>6/23/2020</u>